THE STATE OF NEW JERSEY, JOSEPH A. BEECHER ET AL., DEFENDANTS IN ERROR, v. THE BOARD OF STREET AND WATER COMMISSIONERS OF THE CITY OF NEWARK ET AL., PLAINTIFFS IN ERROR.

Argued June 28, 1900—Decided November 19, 1900.

1. Under the provisions of the city charter of Newark the municipal authorities have no power to pass an ordinance granting permission to a property owner to erect, construct and maintain an arch over a street, connecting buildings on both sides thereof.

2. When the Supreme Court, on legitimate evidence, decides that the land of an individual will be depreciated in value by contemplated municipal proceedings, and thereupon holds him entitled to prosecute a writ of *certiorari* to test the legality of those proceedings, such decision is not reviewable on error.

On error to the Supreme Court. For opinion of the Supreme Court, see 35 *Vroom* 475.

For the plaintiffs in error, *Joseph Coult* and *William H. Corbin.*

For the defendants in error, *Joseph A. Beecher.*

PER CURIAM.

The *certiorari* which brought this matter before the Supreme Court brought up an ordinance of the board of street and water commissioners of the city of Newark, passed March 1st, 1900, entitled "An ordinance granting permission to the Prudential Insurance Company of America to erect, construct and maintain an arch over and upon Bank street, in the city of Newark, between Broad street and Halsey street, and connecting the same with the buildings of the said company now being erected on both sides of the street." The writ was sued out by Joseph A. Beecher and others, who were owners of real estate fronting on Bank street.

The provision of the city charter which is relied on as empowering the municipal authorities to make a grant such as is contained in this ordinance, is section 31, subdivision 8, which is as follows: "That the common council shall have power within the said city to make, establish, publish, and modify, amend or repeal ordinances, rules, regulations or by-laws, for the following purposes, viz.: * * * 8. To prevent or regulate the erection or construction of any stoop, step, platform, bay window, cellar door, area, descent into a cellar or basement, sign or any post or erection, or any projection or otherwise in, over or upon any street or avenue, and to remove the same at the expense of the owner or occupant of the premises." *Pamph. L.* 1857, *p.* 116. The powers in this respect have since been conferred on the board of street and water commissioners. The Supreme Court held that this provision of the city charter gave the municipal authorities no power to pass an ordinance such as the one in question. In that view we concur.

The remaining question is whether the prosecutors in this case have the standing in court which would entitle them

to prosecute this writ. They are the owners of lands fronting on Bank street, in the neighborhood of the place where this arch is proposed to be erected. They claim that their property will be injuriously affected by the construction of the arch, and that they will sustain a special injury to their property, which entitles them to question by *certiorari* the power of the board in the matter under review. The Supreme Court, referring to the evidence on that subject, said: "Looking at all the evidence in the case, we think it preponderates in favor of the proposition that the erection of this bridge would injuriously affect the property of the prosecutors, and therefore that they have the private interest or are exposed to the special injury which entitles them to question by *certiorari* the power of the board in the matter under review." There being at least competent evidence to sustain the finding of the Supreme Court on this subject, its decision cannot be reviewed on writ of error to this court.

In the most recent case on this subject, decided at the February Term, 1900, this court, in an opinion unanimously concurred in, held that "when the Supreme Court, on legitimate evidence, decides that the land of an individual will be depreciated in value by contemplated municipal proceedings, and thereupon holds him entitled to prosecute a writ of *certiorari* to test the legality of those proceedings, such decision is not reviewable in this court." *Morris & Cummings Dredging Co.* v. *Mayor, &c., of Jersey City,* 35 *Vroom* 587. That decision was made upon the facts very similar to those presented in this case, and must control on this subject.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 8.

*For reversal*—VAN SYCKEL, FORT. 2.